UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
COUNTRYWIDE HOME LOANS, INC.,

                Plaintiff,                **FINDINGS OF FACT, CONCLUSIONS
                                                          OF LAW, AND ORDER**

      v.                                                        CV 03-21 (VVP)

GARY BROWN, et al.,

                Defendants.
----------------------------------------------------------x

       In accordance with the court's directions, the parties have submitted papers concerning the amounts due under the terms of the Note and Mortgage that is the subject of this foreclosure action. The plaintiff has submitted the Affidavit of Gregory J. Price (the "Price Affidavit"), as well as the Affirmations Gregg P. Tabakin, Esq. (the "Tabakin Affirmation"), and David P. Case, Esq. (the "Case Affirmation"). The defendant Gary Brown has submitted the Affirmation of Regina Felton, Esq. and the Affidavit of Gary Brown in opposition. Finally, the plaintiff has submitted a second Affirmation of Gregg P. Tabakin, Esq. in reply. Upon review of those papers, including the attachments thereto, and other documents in the record, the court makes the following findings and conclusions.

       1.       The principal balance owing on the Note, as established by the loan history annexed as Exhibit A to the Price Affidavit as well as the evidence at trial (PX 6)[1], is $101,420.76. The defendant Brown does not contest this amount.

       2.       The interest due and owing on the Note, at the rate of 8.75% per annum from April 1, 2001 to August 15, 2005 applied to the principal balance above, is $38,795.94. This amount is taken from the Price Affidavit ¶ 3, and is consistent with the court's own arithmetic calculation.[2] The defendant Brown does not contest this amount.

---

[1] "PX" refers to the plaintiff's exhibits admitted in evidence at the trial of this matter.

[2] At simple interest, the court's own calculation of interest on the principal amount for the time period stated yielded a slightly higher total of $38,825.13.

3. According to the Price Affidavit ¶ 4, late charges amount to $526.58. Paragraph 6A of the Note (PX 5) authorizes the assessment of late charges on any monthly payment of principal and interest that is overdue by more than 15 days. The defendant Brown does not contest the amount and the evidence at trial substantiates that numerous monthly payments were late by more than 15 days. (PX 9, 11).

4. The Price Affidavit asserts unpaid escrow charges to be $8,171.59, supported by a schedule annexed as Exhibit B, consisting of city taxes, premiums for mortgage insurance, and premiums for hazard insurance. The mortgage, at paragraph 2A obligates the defendant Brown to pay to the mortgagee the amounts necessary to pay, among other things, all taxes, hazard insurance and mortgage insurance. The defendant Brown contests the amount asserted only as to the premiums charged for hazard insurance, which he contends are unreasonable. The amounts charged were $622 paid in September 2002, $631.38 paid in April 2003, $1,268 paid in April 2004, and $619 paid in April 2005. Although these amounts do appear to be high, the court credits the business records of the plaintiff introduced at trial which establish that, except for the April 2005 premium payment made after the conclusion of the trial, premium payments were actually made by the plaintiff in those amounts. (PX 10, 13). Accordingly, the defendant's challenge to those sums is overruled.

5. The plaintiff asserts that it incurred attorney's fees totaling $33,200.53, supported by the billing records that accompany the Case and Tabakin Affirmations. The defendant argues, in opposition, that the procedure for determining attorneys' fees was flawed because it denied the defendant the opportunity to cross-examine on the issue of fees, an issue which the defendant further contends should be decided at trial. The defendant also states, without any argument or explication, that the plaintiff's submission regarding fees contravenes Rule 54(d)(2)(A). Although the question of liability for attorney's fees under a contractual provision that provides for an award of fees is one for the finder of fact at trial, the question of the amount of the fees to be awarded is for the court to decide post-trial. *See McGuire v. Russell Miller, Inc.*, 1 F.3d 1306, 1313 (2nd Cir. 1993). Where material questions of fact concerning fees cannot be resolved from the record, the court must permit the parties to submit objections and evidence, but is not required to hold an evidentiary hearing involving cross-examination of witnesses. *See,*

*e.g., Crescent Publishing Group, Inc. v. Playboy Enterprises, Inc.*, 246 F.3d 142, 147-48 (2nd Cir. 2001); *Walz v. Town of Smithtown*, 46 F.3d 162, 170 (2nd Cir. 1995).

6. The defendant was permitted the opportunity to submit affidavits, and did so, but he has not raised any issues of material fact which cannot be resolved on the basis of the record and the affidavits submitted. The defendant's principal challenge to the fees is based on an entirely erroneous reading of the plaintiff's papers. The defendant argues that the plaintiff is seeking $70,732.92 in fees. Felton Aff. ¶ 7. That is simply incorrect. The tally of all amounts asserted by the plaintiff to be due clearly reflects a total of only $33,200.53. Price Aff. ¶ 8. The defendant further asserts that the plaintiff is seeking reimbursement of fees incurred in two previous foreclosure actions brought against him. A review of the time sheets that accompany the affirmations submitted in support of attorney's fees, however, discloses that all of the entries relate to the instant litigation. The defendant's arguments on these scores are therefore rejected as erroneous.

7. The only other challenge raised by the defendant to the attorney's fees concerns the narrow issue of charges for air fare, parking, and cab fares that were incurred because the plaintiff was represented during pretrial proceedings by counsel based in Rochester, New York. The defendant's challenge is appropriate. The Rochester attorneys obviously had to travel at considerable expense to attend several pretrial conferences. There is nothing in the record to suggest that this rather routine foreclosure action could not have been adequately handled by lawyers from the New York metropolitan area. Indeed, the attorney who appeared at trial is with a local firm that is apparently affiliated with the Rochester firm, and charged rates comparable to those charged by the Rochester attorneys. Shifting those travel expenses to the defendant is therefore unreasonable. Accordingly, the charges for air fare, parking and cab fares reflected in the records accompanying the Case Affirmation will be deducted.

8. The court has reviewed carefully the billing records annexed to the Case and Tabakin Affirmations. The records themselves are sufficiently detailed to meet the requirements of the court concerning the specificity with which tasks and times are described. The rates charged by the various attorneys as reflected in those documents range from $150 to $200 per hour and are more than reasonable when compared to the prevailing rates for attorneys

practicing in New York City. The number of hours spent on the various tasks is also reasonable except as indicated below.

9. In reviewing the Case Affirmation, however, the court must make reductions in the attorneys' fees and must eliminate some of the disbursements. First, the court reduces the number of hours charged for attendance by Rochester counsel at various court appearances because substantial hours were charged for travel time which the defendant should not be required to bear for the reasons explained above. The records reflect four appearances, totaling 43.3 hours of attorney time.[3] Had local attorneys been hired, each of the appearances would have taken no more than three hours, including travel to and from court. Accordingly, the court will only make an award for twelve hours of time for those appearances.[4] Allowing only twelve hours of compensable time for those four entries reduces the compensable time by 31.3 hours, which will be subtracted from the 82.9 hours charged by Rochester counsel.[5] The court also eliminates from the award the item listed as "Appearing Attorney" in the amount of $1,620.50. As no invoice or time record is submitted to substantiate that fee by providing the date, the hours expended, and the nature of the work done, it must be disallowed. *See, e.g., New York State Ass'n for Retarded Children v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983). Taking into account the amounts disallowed above for air fare, parking, cab fares, and Appearing Attorney,0 as well as the reduction in fees discussed above, the fees and costs to be awarded as itemized in the Case Afirmation total $12,260.95.

---

[3] The four entries for court appearances are dated 4/19/04, 5/17/04, 10/12/04, and 10/15/04.

[4] The entries for two of the appearances reflect that time was also spent in discussions with the client and other attorneys, but they do not break out how much time was spent for those tasks, rendering the court unable to make an award for that time. *See, e.g., Williamsburg Fair Housing Committee v. New York City Housing Authority*, No. 76 Civ. 2125 (RWS), 2005 WL 736146, at *9 (S.D.N.Y. March 31, 2005); *Beberaggi v. New York City Transit Auth.*, No. 93 Civ. 1737(SWK), 1994 WL 48805, at *3 (S.D.N.Y. Feb.17, 1994).

[5] The Case Affirmation reflects that Rochester counsel apparently reduced the hours charged to the client from 82.9 to 60 hours, thus reducing the total sought in the fee application. The court will subtract the 30.3 hours from the 82.9 hour total actually expended, rather than the 60 hours for which the plaintiff was charged, because the reduction in hours charged to the client undoubtedly constituted a billing judgment driven largely, if not entirely, by the extensive travel time reflected in the time sheets.

10. As to the Tabakin Affirmation, the defendant raises no objection to any of the charges reflected in the detailed invoices annexed to the Affirmation, and the court finds no basis for reducing any of the charges, which total $16,501.06.

11. The Price Affidavit ¶ 7 also lists additional disbursements in the amount of $618.84 incurred by the plaintiff in seeking to collect the funds owed, reimbursement of which is authorized by the Note at ¶ 6(E) and the Mortgage at P 21. The defendant has lodged no objection to those items.

12. In conclusion, the plaintiff is entitled to judgment for the following items and in the following amounts:

| | |
|---|---:|
| Principal | $101,420.76 |
| Interest (to 8/15/05) | $38,795.94 |
| Late Charges | $526.58 |
| Escrow Charges | $8,171.59 |
| Attorneys Fees and Expenses | $28,762.01 |
| Miscellaneous Disbursements | $618.84 |
| **TOTAL:** | **$178,295.72** |

In addition, interest shall accrue at the rate of $24.31 per day until the judgment is paid.

13. Accordingly, pursuant to the findings of fact and conclusions of law previously entered by the court, and the findings and conclusions set forth above, the clerk is directed to enter judgment in favor of the plaintiff, dismissing all of the defendant Gary Brown's affirmative defenses and counterclaims, and awarding to the plaintiff the amounts set forth in paragraph 12 above.

14. Although the court is prepared to enter a judgment of foreclosure and sale, the court notes that the record does not disclose that service of the summons and complaint was made on any of the defendants other than the defendant Gary Brown. The plaintiff is therefore directed to provide proofs of service of the summons and complaint on all parties other than the

defendant Gary Brown, together with a proposed judgment of foreclosure and sale, within ten days.

SO ORDERED:

*Viktor V. Pohorelsky*

VIKTOR V. POHORELSKY
United States Magistrate Judge

Dated:      Brooklyn, New York
                November 9, 2005